**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BUFORD BARNES** § | |
|     **Plaintiff** § | |
| § | |
| **vs.** § | **CIVIL ACTION NO. 2:17-CV-1** |
| § | **JURY** |
| § | |
| **THREE DIAMOND LEASING, LLC** § | |
| **and CECIL CARRIS MEARES,** § | |
|     **Defendants.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES, Buford Barnes, Plaintiff, and files this his Original Complaint against Three Diamond Leasing, LLC and Cecil Carris Meares, Defendants, and for just cause would respectfully show the Court the following:

### NATURE OF THE CASE

1. This action arises as a result of an automobile accident which injured Buford Barnes on or about January 5, 2015.

### PARTIES

2. Buford Barnes is an individual who resides in the State of Texas.

3. Three Diamond Leasing, LLC is a corporation organized in the State of Oklahoma and may be served by sending a copy of the summons and complaint by certified mail, return receipt requested to its president/treasurer/registered agent, Darryl A. Christner at 19007 W. Highway 33, Sapulpa, Oklahoma 74067.

4. Cecil Carris Meares is an individual who resides at 270 Howard Road, Autryville, North Carolina 28318, and may be served with the summons and complaint at this address.

## JURISDICTION AND VENUE

5. Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this case is between citizens of different states and the amount in controversy exceeds $75,000.00.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a), because the wrongful act or omission of the Defendants occurred within this Judicial District.

## FACTUAL BACKGROUND

7. On or about January 5, 2015, Buford Barnes was operating a 2004 Toyota Tundra in a careful and prudent manner, traveling westbound in the 3600 block of S. Eastman Road attempting to turn left onto Estes Parkway in Longview, Gregg County, Texas. Defendant Cecil Carris Meares was driving a 2015 Freightliner tractor and towing a trailer owned by Defendant Three Diamond Leasing, LLC in the course and scope of his employment with Defendant Three Diamond Leasing, LLC. Defendant Cecil Carris Meares was traveling northbound in the outside lane of Estes Parkway. Suddenly and without warning, Defendant Cecil Carris Meares totally disregarded the stop and go signal located at the intersection, proceeded into the intersection and into the path of Plaintiff, striking Plaintiff's vehicle and subjecting Plaintiff to tremendous force.

8. At the time of the occurrence, Defendant Cecil Carris Meares was in the course and scope of his employment with Defendant Three Diamond Leasing, LLC

## NEGLIGENCE AND NEGLIGENCE PER SE

9. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

10. Defendant Cecil Carris Meares was negligent in various acts and omissions, which negligence was the proximate cause of the accident described herein which includes, but is not limited to, the following:

   A. Violating Section 545.151 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

      (a) An operator approaching an intersection:

         (1) shall stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign; and

         (2) after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.

   B. Failing to keep a proper lookout.
   C. Failing to timely apply brakes.
   D. Failing to control the vehicle.
   E. Failing to act and/or respond in a reasonable manner.
   F. Failing to control the speed of the vehicle.

11. The foregoing acts of negligence and negligence per se by Cecil Carris Meares, acting singularly or in combination, were a proximate cause of the incident and the resulting damages to the Plaintiff.

12. At the time and on the occasion in question, and immediately prior thereto, Defendant Three Diamond Leasing, LLC committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

13. The independent acts of negligence of Defendant Three Diamond Leasing, LLC include, but are not limited to, the following:

A. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

B. Hiring and retaining an unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unlicensed, incompetent and/or reckless; and

C. Failing to properly train its driver.

14. Each of the foregoing acts of negligence was a proximate cause of the collision in question and the injuries and damages of Plaintiff.

## RESPONDEAT SUPERIOR

15. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

16. Defendant Three Diamond Leasing, LLC is liable for the damages proximately caused to Plaintiff by the conduct of Defendant Cecil Carris Meares in that Defendant Three Diamond Leasing, LLC was the employer of Defendant Cecil Carris Meares on the date that Defendant Cecil Carris Meares negligently injured Plaintiff, as alleged above, and Defendant Cecil Carris Meares was acting within the course and scope of that employment when that injury occurred or Defendant Three Diamond Leasing, LLC had the right to control the activities of Defendant Cecil Carris Meares.

## NEGLIGENT ENTRUSTMENT

17. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

18. At the time and on the occasion in question, and immediately prior thereto, Defendant Three Diamond Leasing, LLC was guilty of negligent entrustment and knew or should have known that Defendant Cecil Carris Meares was a negligent and reckless driver.

### NEGLIGENT UNDERTAKING

19. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

20. Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiff or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

### GROSS NEGLIGENCE

21. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

22. Defendant Cecil Carris Meares and Defendant Three Diamond Leasing, LLC committed willful acts or omissions of gross negligence that were a proximate cause of the injuries to Plaintiff and the damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code.

### DAMAGES TO PLAINTIFF

23. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

24. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer and to endure anxiety,

pain, and illness. Consequently, Plaintiff is entitled to the following items of damages:

A. Reasonable and necessary medical care and expenses in the past;

B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering which, in reasonable probability, will be incurred in the future;

E. Mental anguish in the past;

F. Mental anguish which, in reasonable probability, will be incurred in the future;

G. Physical impairment in the past;

H. Physical impairment which, in reasonable probability, will be suffered in the future;

I. Physical disfigurement in the past;

J. Physical disfigurement which, in reasonable probability, will be suffered in the future;

K. Loss of earning capacity in the past; and

L. Loss of earning capacity which, in reasonable probability, will be incurred in the future.

## JURY DEMAND

25. Plaintiff requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein and that, upon final trial, Plaintiff recovers the following:

A. Actual damages;

B. Post-judgment interest as allowed by Federal law;

  C. Court costs, fees and other expenses; and

  D. Other and further relief to which Plaintiff may be entitled.

          Respectfully submitted,

          GOUDARZI & YOUNG, L.L.P.
          P.O. Drawer 910
          Gilmer, Texas 75644
          Telephone: (903) 843-2544
          Facsimile: (903) 843-2026

          By: /s/ Brent Goudarzi
           Brent Goudarzi
           Texas Bar No. 00798218
           Marty Young
           Texas Bar No. 24010502

          goudarziyoung@goudarzi-young.com
          ATTORNEYS FOR PLAINTIFF